In matter of the application of Thomas S. Henry and W. Wallace Snyder, Graduates of the Law Department of the University of the City of New York, for admission to the Bar.

A citizen of another State is not entitled, as matter of right, to admission to the Bar of this State as attorney and counselor-at-law.

The word citizen " in the section of the State Constitution providing that any male citizen of the age of twenty-one years," of proper qualifications, " shall be entitled to admission to practice in all the courts of this State" (art. vi., § 8), is to be construed as meaning *citizens of this State.*

(Decided June 22d, 1869.)

Appeal from two orders made by the General Term of the Supreme Court in the first district, denying the application of Messrs. Henry and Snyder to be admitted to the bar, on the ground that the applicants were not residents of the first judicial district. It appeared from the affidavits filed upon the application that both gentlemen were residents of New Jersey.

Per Curiam. The orders of the General Term of the first district, denying the applications of Messrs. Henry and Snyder for admission to the bar of the Supreme Court of this State, must be affirmed. Residents in another State have no absolute right to such admission, though possessed of all the other requisite qualifications. The word " citizen," in article six, section eight, of the State Constitution, does not include any male citizen of the United States twenty-one years of age, as contended for by the applicants. Its meaning is properly limited to citizens of this State.

Orders affirmed.

*John Norton Pomeroy,* for the appellants.